Filed 2/26/14  Promark Fin. Ins. Marketing v. McGee CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PROMARK FINANCIAL INSURANCE MARKETING, INC., | G047723 |
| Plaintiff, Cross-Defendant, and Respondent, | (Super. Ct. No. 07CC04554) |
| v. | O P I N I O N |
| JOSEPH MCGEE, | |
| Defendant, Cross-Complainant, and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Steven L. Perk, Judge.  Affirmed.

Celinda Tabucchi for Defendant, Cross-Complainant, and Appellant.

Law Offices of Kersten & Associates, William C. Kersten and Brandon R. Creel for Plaintiff, Cross-Defendant and Respondent.

\*          \*          \*

Joseph McGee appeals from the trial court's posttrial order denying his request for contractual attorney fees as the prevailing party in his dispute with his former employer, Promark Financial Insurance Marketing, Inc. (Promark). The trial court denied McGee's request on several grounds, including that there was no prevailing party and because "[t]he supporting exhibits were not filed until the day before the hearing." As we explain, the trial court did not err, and we therefore affirm its order denying fees.

I

FACTUAL AND PROCEDURAL BACKGROUND

After McGee quit his insurance sales position at Promark, Promark sued him in April 2007 alleging causes of action for breach of fiduciary duty, breach of contract, misappropriation of trade secrets, and unfair competition involving solicitation of clients and other alleged misdeeds. McGee filed a cross-complaint alleging intentional interference with prospective economic relation, plus additional causes of action both on his own behalf and for current and former Promark workers similarly situated in a putative class action. The class action causes of action included misclassification of employees as independent contractors and other Labor Code violations. The trial court questioned whether McGee's circumstances were suitably representative across Promark's nationwide offices, but eventually granted certification when additional cross-complainants were added to serve as class representatives.

The court bifurcated the matter for trial on the complaint and McGee's interference claim first, and then the class claims. Soon after the trial began in June 2011, the court granted McGee's motion for a nonsuit on Promark's complaint, and entered judgment against Promark on June 23, 2011. According to Promark, McGee failed to pursue his interference claim. The parties do not say whether it was dismissed at

2

that time.  In any event, by late 2011 McGee's attorney, Marvin Mayer, had been diagnosed with brain cancer and died within two months.  McGee did not retain another attorney to pursue the class claims, and instead dismissed his cross-complaint on May 21, 2012.

On June 6, 2012, McGee filed a "Request for Award of Attorney's Fees as Costs" in conjunction with his worksheet claiming costs as the prevailing party in defeating Promark's breach of contract claims against him.  The employment contract provided for attorney fees and costs for the prevailing party.  McGee also submitted the declaration of Celinda Tabucchi.  Tabucchi had not worked on the matter while it was pending, but McGee retained her for his fee request.

Tabucchi explained in her declaration that she "expended several hours reviewing Mr. Mayer's billing records, as well as his 16 indexed case files and portions of deposition transcripts.  Additionally, I conferred with Mr. Mayer's legal assistant." Tabucchi's declaration acknowledged, "Defendant McGee is entitled to payment of attorney's fees in regard to the complaint only," and consequently, "[t]his review was necessary to separate Mr. Mayer's work on Promark v. Joseph McGee (the complaint) from his work on the class action of McGee, Edge, Bejarano, and Butler v. Promark (the cross-complaint)."

Based on her review of the billing records, Tabucchi claimed Mayer engaged in 258 compensable hours devoted solely to the complaint.  She did not attach the billing records to her declaration.  Nor did McGee otherwise include them in his fee request.  In a billing summary comprising two pages of her declaration, Tabucchi broke the 258 hours down into four categories:  "Discovery" (106 hours), "Motion for Summary Adjudication" (19.5 hours), "Miscellaneous" (37 hours), and "Trial"

3

(86 hours). Notably, these categories tally 248.5 hours instead of the 258 hours claimed, and Tabucchi did not account for the discrepancy. She provided within each category a general description of the work performed, including for example "18 hours over three sessions" of McGee's deposition, with no identifiable allocation between the complaint and cross-complaint.

At Mayer's hourly rate of $350, McGee sought an attorney fee award of $90,300 for the 258 hours. McGee did not attempt to obtain a hearing date or otherwise file a noticed fee motion. Instead, he simply filed his costs worksheet under a cover page labeled, "Request for Award of Attorney's Fees as Costs," and attached as exhibits the attorney fee clause of his employment contract and Tabucchi's declaration.

Promark responded with a motion to strike or tax costs, and obtained a hearing date for August 2012. Promark asserted in its motion that McGee's request was untimely and the attorney fees in particular were "not recoverable, unreasonable, nor supported by adequate information. Moreover, the attorney fees are not fixed, and can only be sought by notice[d] motion." The trial court continued the hearing for a month to allow McGee to file a late opposition to Promark's motion to strike or tax costs. By the time McGee filed its opposition in mid-September and Promark filed its reply, McGee still had not filed the billing statements underlying the fee request. McGee lodged the billing statements with the court a day or two before the hearing, to which Promark objected.

At the hearing, in response to the court's question, "Have you sent the billing statements to [Promark]," counsel for McGee responded, "No, I did not, your Honor. I lodged them, and gave him notice that they had been lodged. That is it. He may see those." Promark's attorney objected, "Well, I'm supposed to see those as part of

a noticed motion on attorney's fees. It's completely inappropriate to have the hearing concluded and then have those considered. Promark would object to that."

The trial court took the matter under submission for several days before denying McGee's fee request. The court observed in its minute order: "It is not clear that Defendant is the prevailing party. Defendant got a favorable ruling on the [m]isappropriation of trade secrets and breach of the covenant [complaint,] but lost on the [c]ross-[c]omplaint wage/hour claims. Therefore, there is no prevailing party in the case as a whole." As alternative grounds for its ruling, the court explained it granted Promark's motion to tax or strike costs "in its entirety" because McGee's costs memo and request for attorney fees were: "1) Untimely, (filed one year after judgment was entered) . . . . 2) Procedurally improper because no separate noticed motion was filed. 3) Unsupported by explanation of attorneys hours incurred. Defendant has the burden to do this. . . . This matter was continued for a month from August to Sept. 28 to allow for [a] timely motion [*sic*: opposition?] to be filed. The supporting exhibits were not filed until the day before the hearing."

McGee now appeals the trial court's ruling.

## II

## DISCUSSION

McGee challenges each of the four separate bases for the trial court's fee denial: no prevailing party, untimeliness, lack of a noticed motion, and the failure to include billing records supporting the fee request. We briefly discuss each of McGee's contentions, but need only reach the final issue to conclude the trial court did not err in denying the fee request.

5

First, McGee argues voluntary dismissal of his cross-complaint "for reasons not related to the probability of success on the merits . . . does not automatically characterize [Promark] as the prevailing party." He relies on *Santisas v. Goodin* (1998) 17 Cal.4th 599, 621 (*Santisas*), where the court observed, "[I]t seems inaccurate to characterize the defendant as the 'prevailing party' if the plaintiff dismissed the action only after obtaining, by means of settlement or otherwise, all or most of the requested relief [on the contract claims], or if [a party] dismissed for reasons, such as the defendant's insolvency, that have nothing to do with the probability of success on the merits." *Santisas* explained instead that "a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise." (*Id.* at p. 622.)

According to McGee, a pragmatic evaluation should yield the conclusion he was the prevailing party because he defeated Promark's breach of contract claims, while he insists his cross-complaint claims derived from governing Labor Code provisions and did not pertain to the employment contract. Moreover, he argues his voluntary dismissal did not reflect on the merits of his cross-complaint, but instead arose because his attorney died and he was unable to replace him.

Second, McGee challenges the trial court's ruling his fee request was untimely. A claim for attorney fees "must be served and filed within the time for filing a notice of appeal . . . . (Cal. Rules of Court, rule 3.1702(b)(1).) McGee argues that although the trial court entered judgment in his favor on the complaint more than a year before he filed his cost memorandum, the matter was not final under the rules for appeal until the case concluded with dismissal of his cross-complaint.

6

According to Promark, the judgment on the complaint was immediately appealable because it fully and finally resolved Promark's claims against McGee in his individual capacity; his separate claims in a different capacity as a class member were separately appealable later.  (Cf. *First Security Bank of Cal. v. Paquet* (2002) 98 Cal.App.4th 468, 474 [noting in derivative shareholder action and other contexts that "[w]hen a party brings an action in multiple capacities, a judgment determining that party's rights in one capacity may be final even though the action is still pending on a claim brought in a different capacity"].)  Promark analogizes to scenarios in which the one final judgment rule for appeal "does not apply when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party." (*Justus v. Atchison* (1977) 19 Cal.3d 564, 568, disapproved on another ground in *Ochoa v. Superior Court* (1985) 39 Cal.3d 159, 171.)  In other words, Promark views McGee's role in the complaint and cross-complaint as tantamount to two different parties, with different appeal dates on the complaint and cross-complaint, respectively.  Promark contends the date for appealing the complaint had long passed by the time McGee sought fees based on prevailing against Promark on the complaint.

Third, McGee acknowledges he failed to file a noticed motion requesting attorney fees, but he argues the error was harmless and not grounds for rejecting his fee request.  A party seeking attorney fees authorized *by statute* may do so "upon a noticed motion" or, as here, "upon application supported by affidavit made concurrently with a claim for other costs."  (Code Civ. Proc., § 1033.5, subd. (c)(5).)  But as McGee acknowledges, attorney fees awarded *under a contract* rather than by statute "shall be fixed either *upon a noticed motion* or upon entry of a default judgment."  (*Ibid.*, italics added.)

7

A "motion" is an application for an order (Code Civ. Proc., § 1003), and the notice of a motion must state the grounds on which it will be made and when it will be heard (Code Civ. Proc., § 1010). As Promark notes, "When a litigant brings a noticed motion, the party typically obtains a date on which the matter may be heard by the trial court, allowing for appropriate opposition and reply briefs to be filed and considered." (See *612 South LLC v. Laconic Limited Partnership* (2010) 184 Cal.App.4th 1270, 1285 [absent orderly procedure afforded by a noticed motion for attorney fees, "it does not appear the parties were afforded a fair opportunity to litigate this matter"].)

McGee argued in the trial court that the fact Promark "beat me to the notice" in obtaining a hearing date on its motion to tax costs should not by itself scuttle his fee request. He notes his fee request was in fact heard upon a noticed motion, albeit Promark's, and Promark suffered no prejudice from his failure to file a noticed motion. To the contrary, Promark gained an advantage as the moving party by "submit[ting] two written arguments, opening and reply, while the opposing party submits only one opposition."

Fourth and finally, McGee argues the trial court erred in concluding in its minute order that he failed to support the attorney hours incurred. He asserts, "The record is clear [he] filed a declaration in support of his request for attorney's fees." McGee did not file his own declaration. Instead, he argues Tabucchi's declaration summarizing her review of Mayer's billing records and the case file sufficed. As noted, Tabucchi's five-page declaration included two pages briefly interpreting Mayer's billing records based on her interpretation of how the case unfolded, which she based on her interpretation of the 16-volume case file she discovered in Mayer's office. But as Promark observed in its motion to tax costs, "While Ms. Tabucchi states that she

8

reviewed Mr. Mayer's billing records, no such records were provided. [¶] While Ms. Tabucchi claims to have worked to 'separate Mr. Mayer's work on the complaint from his work on the cross-complaint', there is no basis to verify whether this is accurate."

The trial court reasonably could conclude the billing records were necessary to support the attorney fee request, and that providing them on the eve of the hearing was too late to afford Promark or the trial court a meaningful opportunity for review. Notably, neither the court nor Tabucchi had been present for the underlying litigation, and the court therefore could find Mayer's billing records particularly relevant and their omission problematic. The court reasonably could conclude Tabucchi's cold review of the 16 case files did not afford an accurate picture of attorney hours expended. For example, as Promark explained in its motion, while McGee "claims in his request 18 hours over three sessions for his deposition, . . . the majority of the time in deposition was spent on issues pertaining to the class action and [McGee's] attempts to obtain class certification. The same was true with regard to the written discovery, especially when the vast majority related to the Complaint was propounded by [Promark] to [McGee] before Mr. Mayer substituted in as counsel."

Similarly, the trial court reasonably could credit Promark's rebuttal to Tabucchi's claim "little time" was spent on the cross-complaint, particularly in the absence of a meaningful chance to review the billing records. As Promark explained, "[O]ver two . . . years were spent litigating class certification issues, where additional parties were added during that time. . . . The issues of the Complaint were largely ignored during this time, which is abundantly evident . . . by reviewing the Court's docket. Failure to send notice to class members was not a result of 'little time' spent on

9

the Cross-Complaint, but rather was a product of Defendant[] and Cross-Complainant [McGee's] issues pertaining to obtaining basic class certification, a requirement that needed to be met before any notice was sent out." Given the record presented, the trial court reasonably could conclude McGee failed to meet his burden to support an award of attorney fees.[1] (Code Civ. Proc., § 1033.5, subd. (c)(5).)

III

DISPOSITION

The trial court's order denying McGee's attorney fee request is affirmed. Respondent is entitled to its costs on appeal.

ARONSON, J.

WE CONCUR:

MOORE, ACTING P. J.

IKOLA, J.

---

[1] At argument, McGee suggested the trial court did not review Tabucchi's declaration supporting his fee request, and therefore abused its discretion in denying fees. The record reflects some initial confusion whether the trial court had reviewed either the billing statements, lodged just before the September 28 hearing, *or* Tabucchi's declaration submitted months earlier in June with her fee request. The trial court may have believed in a jumbled exchange at the hearing that when Tabucchi referenced both a declaration and the just-submitted billing statements — and offered to resubmit her declaration — that Tabucchi had submitted *another* declaration for the trial court to review. In fact, Tabucchi submitted only the June declaration. In any event, the trial court did not decide the matter in this unsettled posture, but took the matter under submission, noting twice, "Let me take another look at it." We presume the trial court performed its duty to review the declaration. (Evid. Code, § 664.)

10